CARLO PAPAGNI AND ANNA PAPAGNI, HUSBAND AND WIFE, APPELLANTS, v. ALBERT H. PURDUE, RESPONDENT.

No. 4014

February 11, 1958.                    321 P.2d 252

*Wanderer and Perry,* of Las Vegas, for Appellants.

*McNamee and McNamee,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal taken by the plaintiff below from summary judgment in favor of the defendant in an action for injuries resulting from negligence. The injuries resulted from a fall upon a stairway which, it was alleged, defendant had negligently failed to repair.

In support of the judgment defendant contends that the complaint of the plaintiff shows upon its face that plaintiff had either assumed the risk which the defective stairway created or had been guilty of contributory negligence. Defendant concedes that if such is not the case summary judgment was not proper. The sole question upon this appeal, then, is whether it may be said that assumption of risk or contributory negligence conclusively appears as a matter of law from the allegations of the complaint; or whether it may be said that questions concerning such defenses remain for the court or jury.

The complaint alleges that plaintiff leased a dwelling house from defendant for one month. It then proceeds: "That the usual place of egress from said house to the

yard thereof was down certain steps on the side of the house leading to the ground. That at the time of said hiring and leasing from defendant, defendant agreed to repair said steps on the side of the house, which steps were then broken and uneven and which were dangerous to plaintiff's use. That defendant, although often requested to repair the same and agreeing so to do, failed and neglected to make the necessary repairs and carelessly and negligently allowed the said stairs to remain in a dangerous condition." It is then alleged that plaintiff, after the lapse of three months, "while using said stairs, tripped and fell as a result of defendant carelessly and negligently allowing the said stairs to remain in said dangerous condition."

It is clear that plaintiff was aware of the defect which defendant had agreed to repair and of the fact that danger (in some degree) resulted from failure to repair and that she had used the stairs with such knowledge. More is necessary, however, if contributory negligence or assumption of risk is to follow.

If reliance is upon contributory negligence it must appear that the risk which plaintiff knowingly took was not, under the circumstances, a reasonable one to take; that the apparent danger was such that a reasonably prudent person would not have undertaken the risk of using the stairs. Am. Jur. V. 38, Negligence, secs. 182, 184, pp. 859–862.

If reliance is upon assumption of risk, it must appear not only that the condition was recognized as dangerous, but also that plaintiff appreciated the nature of the risk involved. The California Supreme Court considered this problem in the case of Hawk v. City of Newport Beach, 46 Cal.2d 213, 293 P.2d 48, 51. The court there said that the plaintiff did not assume the risk of injury when he dived from a rock into water which he knew was shallow, because although he knew that such an act was dangerous, "it cannot be said as a matter of law that he appreciated the magnitude of that danger. * * * The

elements of [assumption of risk] are a person's voluntary acceptance of a risk and an appreciation of the magnitude of that risk." Other courts have expressed the same proposition couched in slightly different terms. "There is involved in the question of assumption of risk not only the question of knowledge, but a reasonable opportunity to ascertain the nature of the risk, and also an appreciation of the risk." York v. Chicago M. & St. P. Ry. Co., 184 Wis. 110, 198 N.W. 377, 381. Similarly, "The plaintiff is not required to look for danger, but is held to assume the risks only when the danger is so apparent that one who owes no duty to inspect was bound to discover it; but that is ordinarily a question of fact for the jury. As to appreciation of risk, as distinguished from knowledge of danger, the question is: Did the servant understand the risk, or, by the exercise of ordinary observation, ought he to have understood the risk, to which he was exposed by the dangerous situation?" Rase v. Minneapolis St. P. & S. Ste. M. R. Co., 107 Minn. 260, 120 N.W. 360, 367, 21 L.R.A. (N.S.) 138, 149. Further, "Assumption of risk is a defense, but it rests upon the intelligent acquiescence and knowledge of the danger and appreciation of the risk naturally and ordinarily incident to the employment, or arising from a particular situation in which the work is done. McClain v. Charleston & W. C. Ry. Co., 191 S.C. 332, 4 S.E.2d 280. In 35 Cal.Jur. 814, Negligence, sec. 267, the distinction is made between assumption of risk and contributory negligence. It is stated there that assumption of risk is founded on the theory of consent, with two main requirements: (1) Voluntary exposure to danger, and (2) Actual knowledge of the risk assumed. "A risk can be said to have been voluntarily assumed by a person only if it was known to him and he fully appreciated the danger." Ibid. at 822.

These necessary factual elements of the defenses in question cannot be said to have been established by the allegations of the complaint. It cannot be said that contributory negligence or assumption of risk conclusively

appear as a matter of law. Issues thus remain for the court or jury. Summary judgment, then, was not proper.

Reversed and remanded with instructions that summary judgment be set aside, and for further proceedings.

BADT, C. J., and MERRILL, J., concur.