## SIERRA PACIFIC POWER COMPANY, a Maine Corporation, and FRANK TRACY, Appellants, v. ANDREW V. ANDERSON, Respondent.

No. 4298

February 17, 1961            358 P.2d 892

*Woodburn, Forman, Wedge, Blakey and Thompson,* of Reno, for Appellants.

*Nada Novakovich,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, D. J.:

This is an appeal from the order of the trial court denying a new trial, and from a judgment of the trial court based upon the verdict of a jury in favor of respondent and against appellants for the sum of $36,000. The jury awarded damages as follows:

| | |
|---|---:|
| (a) for bodily impairment | $1,000.00 |
| (b) for loss of earning power to date and to be incurred in the future | 15,000.00 |
| (c) for pain and suffering from accident to date of verdict | 4,136.65 |
| (d) for pain and suffering to be incurred in the future | 15,000.00 |
| (e) medical expense paid by the Nevada Industrial Commission | 863.35 |
| Total | $36,000.00 |

At the trial appellants admitted negligence but contended, as a matter of law, that Anderson had assumed the risk of the condition which caused his injuries. The trial court ruled that such issue was for the jury and permitted that issue and the question of damages to be passed upon by the jury.

Appellants assign as error the following points:

1. That assumption of risk by respondent was established as a matter of law.

2. That it was improper to allow respondent to testify he didn't know there was going to be an explosion.

3. Permitting the jury to award respondent damages for loss of future earnings.

4. Permitting the jury to award respondent damages for future pain and suffering.

5. That the verdict was excessive.

The circumstances out of which this appeal arose were the explosion and fire at North Sierra Street in Reno, Nevada, on February 5, 1957. Respondent at that time was a captain of the Reno Fire Department and was

assigned by his superior to investigate the smell of gas at North Sierra Street. He arrived there at approximately 12:54 p. m. There was no explosion or fire in progress at the time. He went from building to building in the area, investigating the odor of gas, warning occupants and customers, called the central fire station to report his findings and, about ten minutes later, was on the west curb of the street when the first and second of two explosions occurred. As a result, respondent Anderson suffered the injuries hereinafter discussed. The explosion and resulting fire were of great magnitude, destroying substantial parts of two city blocks in downtown Reno and killing and injuring several persons. The evidence adduced at the trial indicated that Anderson's injuries consisted of a laceration of the cheek and chin; puncture wounds and laceration of the left leg; puncture wounds and lacerations of the right wrist severing the extensor tendons; aggravation of a previously fractured spine; nervous tension and feeling of remorse and guilt resulting from circumstances surrounding the explosion. He was confined to the hospital for three weeks, after which he returned to his employment with the fire department at his regular monthly salary of $505. He was involuntarily retired late in 1958 when he was 42 years of age and had risen to rank of captain. He was granted disability retirement of $197.42 per month. His retirement was brought about by his physical and mental inability to perform his duties. Respondent, after the accident, enrolled in school, completed his high school course and then entered the University of Nevada.

The principal ground of error urged by appellants is that respondent should be held to have assumed the risk as a matter of law. Assumption of risk, as a defense, "is founded on the theory of consent, with two main requirements: (1) voluntary exposure to danger, and (2) actual knowledge of the risk assumed. 'A risk can be said to have been voluntarily assumed by a person only if it was known to him and he fully appreciated

the danger.' " Papagni v. Purdue, (1958), 74 Nev. 32, 35, 321 P.2d 252, 253. Appellants argue that Anderson voluntarily exposed himself to a risk that was or should have been known to him by reason of his training and experience as a fireman, and because of his employment by the municipality of Reno. They urged that a fireman, by the very nature of his contract of employment and the duties arising therefrom, voluntarily assumes all risks incident thereto and cite Clark v. Boston and Maine Railroad, 78 N.H. 428, 101 A. 795, L.R.A. 1918a, 518; Suttie v. Sun Oil Co., 15 Pa. D. & C. 3.

A fireman, solely by reason of his employment, does not assume *all* risks arising therefrom. He is held to assume only those risks which reasonably flow from his hazardous occupation. He does not assume unknown, extraordinary risks not contemplated and expected to be incidental to his work. Smith v. Twin State Gas and Electric Co., 83 N.H. 439, 144 A. 57, 783, 61 A.L.R. 1015. The evidence shows that when Anderson arrived at the scene to investigate the presence of gas, there was no fire or explosion in progress. It is not reasonable to expect Anderson to know that several city blocks would suddenly blow up; that many persons would be killed and injured; that vast property damage would be inflicted. Yet to assume the risk as a matter of law, Anderson must have known all this, appreciated the magnitude of the danger to himself and would have withdrawn from the area, if appellants' theory is to be adopted. A clear distinction should be made between the doctrine of contributory negligence which operates as a defense when a party knows or by the exercise of ordinary care *should have known* a particular fact or circumstance, and assumption of risk, which operates only when the party actually knows the full scope and magnitude of the danger and thereafter voluntarily exposes himself to it. The fact that Anderson recognized the possibility of an explosion occurring was quite different from knowledge on his part that an explosion would occur. Papagni v. Purdue, supra; Smith v. Twin State Gas Co., supra; Fuchs v.

Mapes, 74 Nev. 366, 332 P.2d 1002. The trial court was therefore correct in refusing to hold that Anderson assumed the risk as a matter of law.

The next point of error urged by appellants was permitting Anderson to testify he didn't know there would be an explosion. Appellants suggest this testimony was to an ultimate fact and therefore invaded the province of the jury, citing Mikulich v. Carner, 69 Nev. 50, 240 P.2d 873, 38 A.L.R.2d 1; and Konig v. Nev.-Cal.-Oregon Railway, 36 Nev. 181, 135 P. 141. Respondent contends it was a statement on the condition of his mind and admissible along with other evidence for the jury's consideration.

As stated above, an essential element of assumption of risk is actual knowledge by the party of the danger assumed. Knowledge or lack of it on the part of the person against whom the defense is raised is a factual matter for the jury to pass upon. A person is entitled to tell the condition of his own mind on this subject and it then becomes a matter of what credibility or weight the jury will attach to it. Anderson certainly could have been cross examined thoroughly on this point in light of his training and experience, impeaching evidence could have been offered attacking his credibility and the weight to attach to his statement, and it could have been argued to the jury to be cautious in attaching much weight to such testimony because Anderson was the party in interest. The objection was not well taken and the trial court's ruling was correct. 32 C.J.S., Evidence, sec. 459; 22 C.J., Evidence, sec. 611.

As their third contention of error, appellants urge the trial court was wrong in giving Instruction No. 30 permitting the jury to pass upon claimed loss of future earnings by respondent Anderson in light of the evidence presented at the trial. Appellants say the claimed item of damage was uncertain and not supported by medical testimony or opinion. They cite Brown v. Lindsay, 68 Nev. 196, 205, 228 P.2d 262; City of Pueblo v. Ratliff,

131 Colo. 381, 281 P.2d 1021; Chesapeake & Ohio Railway Co. v. McCullough, 230 Ky. 478, 19 S.W.2d 1076, and other cases as their authority. Evidence in the record indicates that respondent became unfit for his duties as a fireman. Respondent and Fire Chief Karl Evans both testified to this. Doctor T. C. Harper testified to some physical impairment of respondent's right hand and Dr. Jack P. Sargent testified to aggravation of a previously fractured spine, all as a result of the Sierra Street explosion. Such being the evidence, it then became the right of the jury to determine whether or not respondent's earning capacity had been impaired, to what extent, and to accord to such evidence the significance and weight they saw fit. Ostertag v. Bethlehem Shipbuilding Corp., 65 Cal.App.2d 795, 151 P.2d 647. Destroyed or impaired earning capacity within life expectancy is a proper item of damage. 15 Am.Jur., Damages, sec. 91, p. 501. The jury might take into consideration, in passing upon this item of damage, the fact the person has no education or preparation for a pursuit different from that in which he was engaged and no longer able to follow. 15 Am.Jur., Damages, secs. 92 and 93, p. 503; Graham v. Mattoon City Railway Co., 234 Ill. 483, 84 N.E. 1070. There being evidence upon which reasonable minds might disagree, the jury being properly instructed on the law, this court will not disturb the judgment for the reason assigned.

The next point urged by appellants as error is the giving of Instruction No. 30 relating to future physical and mental pain and disability. That part of the instruction complained of reads as follows: "The physical and mental pain, suffering, anguish, and disability which you believe is reasonably certain to be suffered by him in the future as a result of the accident." Appellants say the jury should not have been allowed to assess damages for future pain and suffering in the absence of expert medical testimony that such was the probable result of Anderson's blast injury. For their authority they rely mainly upon Curti v. Franceschi, 60 Nev. 422, 111 P.2d 53, 112 P.2d 819, wherein this court stated that an award

for future pain and suffering, which is subjective (i.e., cannot be observed by the court and jury themselves), must be substantially supported by expert testimony to be probable, as contrasted with possible. Whereas, on the other hand, if evidence of future pain and suffering is objective and can be observed by the court and jury, an award for such items of damage need not necessarily be supported by expert testimony, so long as the jury otherwise finds from substantial evidence that it is probable.

While the rules are clear, the application of those rules does not always fit with precision. Appellants say Anderson's injuries were mostly subjective and further there was no substantial testimony by expert witnesses as to probable future pain and suffering. Respondent, on the other hand, says his injuries were not all subjective, instead to a large extent were objective; but in any event, there was expert medical testimony and other substantial evidence supporting his probable future pain and suffering.

Reviewing the evidence with these points in mind, we find as follows: Anderson's wrist was lacerated and torn and the extensor tendons severed. This is an objective injury which the jury could observe for itself. Also Anderson's back was reinjured, aggravating an old fracture. He suffered low-back pain. He also suffered a sense of remorse and guilt over his inability to save more people at the scene of the explosion; that he was irritable and could not get along with his fellow employees in the fire department; that he could not perform the full scope of his duties as a fireman; and that his career as a captain in the fire department had ended. These latter items of pain, suffering, mental worry, distress, grief, and mortification were mainly subjective. However, there was substantial expert medical testimony to establish probable future pain and suffering.

Such damages do not have to be established with the certainty of a mathematical demonstration. All that is required is that there be sufficient evidence from which

the jury can arrive at the conclusion that the party will probably suffer such damages in the future. This being so, no reversible error was committed by the trial court or jury with respect to future pain and suffering.

The final point of error urged on appeal is excessiveness of the verdict. This point necessarily falls within the foregoing rulings. This clearly is a case where substantial evidence of a conflicting nature was before the jury, no prejudicial errors of law were made; and the verdict of the jury must and should be upheld. Southern Nevada Gold & Silver Mining Co. v. Holmes Mining Co., 27 Nev. 107, 73 P. 759.

Affirmed.

PIKE and MCNAMEE, JJ., concur.

BADT, C. J., having disqualified himself, the Governor designated Honorable Jon R. Collins, Judge of the Seventh Judicial District Court, to sit in his place and stead.