ROBERT O'DELL, CHARLENE O'DELL, OTTO WILLIAM O'DELL AND JANICE O'DELL, APPELLANTS, v. FRED MARTIN AND VALLEY BANK OF NEVADA, RESPONDENTS.

No. 15643

March 14, 1985                    696 P.2d 996

---

[1]Angelina's request for attorney's fees for the instant appeal, on the ground that this appeal is frivolous, is denied.

[2]THE HONORABLE DAVID ZENOFF, Senior Justice, was designated to sit in this case. Nev. Const., art. 6, § 19; SCR 10.

*Jeffrey Ian Shaner,* Las Vegas, for Appellants.

*Paul C. Parraguirre, Lorin C. Parraguirre, Douglas McCarthy,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

In May, 1979, appellants Robert and Charlene O'Dell entered into an agreement to sell a parcel of land to Otto and Janice O'Dell for $14,000.00. Respondent Fred Martin, an employee of respondent Valley Bank, agreed to handle the recording of the grant, bargain and sale deed for the parties. The deed was signed and the property conveyed on June 1, 1979. The grant, bargain and sale deed was not recorded until August 13, 1979. Valley Bank concedes that the failure to record the deed constitutes negligence.

Between the signing of the deed and the ultimate recordation of the deed, federal tax liens were recorded against all property belonging to Robert O'Dell, including the property in dispute here. Title to the property was thus clouded by these liens and Otto O'Dell was unable to obtain an otherwise approved construction loan from Nevada Savings and Loan.

The O'Dells filed a complaint against Fred Martin and Valley Bank alleging negligence on the part of the bank for failing to record the grant, bargain and sale deed. Respondents Martin and

Valley Bank filed a motion to dismiss and a motion for summary judgment. The motion for summary judgment was granted and the O'Dells appealed. We reverse.

On a motion for summary judgment, a district court must review the evidence in a light most favorable to the non-moving party and give that party the benefit of all favorable inferences that may be drawn from the subsidiary facts. Lipshie v. Tracy Investment Co., 93 Nev. 370, 375, 566 P.2d 819, 822 (1977). Summary judgment should be granted if there "is no genuine issue as to any material fact" *and if* "the moving party is entitled to a judgment as a matter of law." NRCP 56(c).

We hold that there still exist questions of fact, particularly as to damages. Accordingly, the order granting summary judgment is reversed, and the case is remanded to the district court for trial.