SHERRI RENAUD, Appellant, *v.* 200 CONVENTION
CENTER LTD. dba FLYAWAY, Respondent.

No. 16700

December 4, 1986                                728 P.2d 445

*Albert D. Massi* and *Allen A. Cap,* Las Vegas, for Appellant.

*Dickerson, Miles, Pico & Mitchell* and *Shirley D. Lindsey,* Las
Vegas, for Respondent.

*Jonathan C. Reed,* Las Vegas, Nevada Trial Lawyers Associa-
tion, Amicus Curiae.

## OPINION

*Per Curiam:*

Sherri Renaud filed a negligence claim against Flyaway for

injuries she sustained while utilizing its free-fall simulator. Flyaway had required that Ms. Renaud sign a liability release form. The release purported to exculpate Flyaway of any liability for negligence that might occur while Ms. Renaud was on its premises. A motion for summary judgment was brought by Flyaway for the sole purpose of determining the validity of the signed release. The district court granted the motion, thereby barring further prosecution of the lawsuit. Because we agree with Ms. Renaud that genuine issues of fact exist, the order of the district court granting summary judgment in favor of Flyaway is reversed.

## Discussion

It is well established that summary judgment is appropriate only "where it is quite clear what the truth is, and where no genuine issue remains for trial." In re Hilton Hotel, 101 Nev. 489, 492, 706 P.2d 137, 138 (1985). The moving party bears the burden of demonstrating that judgment as a matter of law is appropriate. *Id.* Additionally, upon review, all evidence is considered in a light most favorable to the non-moving party. *Id.*

Here, Flyaway (in its motion for summary judgment) successfully urged the trial court to accept the signed release as conclusive evidence that Ms. Renaud relieved Flyaway of liability for any injuries that she might sustain while utilizing the free-fall simulator. The determination that the release was valid indicated that Ms. Renaud assumed the risk of the injuries that she sustained. We do not agree that the release itself was sufficient to establish such a fact as a matter of law.

Assumption of the risk is based on a theory of consent. In Sierra Pacific v. Anderson, 77 Nev. 68, 358 P.2d 892 (1961), this court asserted that in order for a litigant to have assumed the risk, two requirements must be met. First, there must have been voluntary exposure to the danger. Second, there must have been actual knowledge of the risk assumed. *Id.* at 73, 358 P.2d at 894. "A risk can be said to have been voluntarily assumed by a person only if it was known to him and he fully appreciated the danger." *Id.* at 71-72, 358 P.2d at 894, quoting Papagni v. Purdue, 74 Nev. 32, 35, 321 P.2d 252, 253 (1958). As elucidated in *Sierra,* the essential element of the defense is the *actual knowledge* of the danger assumed. 77 Nev. at 71, 358 P.2d at 894.

Ms. Renaud denied appreciation of the risks associated with the free-fall simulator. Because actual knowledge of the risks assumed is an essential element of this defense, such a matter

must be reserved for the fact finder. It is necessary to evaluate all the circumstances as they existed at the time the release was obtained. Considerations should include (but are not limited to) the following: the nature and extent of the injuries, the haste or lack thereof with which the release was obtained, and the understandings and expectations of the parties at the time of signing.

Thus, because there was a dispute as to whether Ms. Renaud knowingly and voluntarily assumed the risks associated with the simulator, the matter was not appropriate for a determination as a matter of law. *E.g.,* Pacific Pools Constr. v. McClain's Concrete, 101 Nev. 557, 706 P.2d at 849 (1985). *See also* O'Connell v. Walt Disney World Co., 413 So.2d 444 (Fla.Dist.Ct.App. 1982) (a signed liability waiver was deemed not sufficient as a matter of law to show that appellant subjectively understood the risks inherent in horseback riding and actually intended to assume those risks). Here, it is necessary for the fact finder to hear testimony and assess credibility. Accordingly, we reverse the ruling of the district court and remand the case for further proceedings consistent with this opinion. In light of our disposition, we decline to reach the other contentions raised on appeal.