PATRICK JOYNT, Appellant, v. CALIFORNIA HOTEL & CASINO dba SAM'S TOWN HOTEL, GAMBLING HALL & BOWLING CENTER, Respondent.

No. 22392

August 5, 1992                                    835 P.2d 799

*Jason A. Awad and Associates* and *Frank J. Cundari,* Las Vegas, for Appellant.

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks* and *T. Arthur Ritchie, Jr.,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

On February 21, 1988, appellant Patrick Joynt ("Joynt") was waiting to enter a restaurant at the California Hotel and Casino, which does business as Sam's Town Hotel, Gambling Hall and Bowling Center. According to Joynt, the waiting area was very crowded. While Joynt was waiting to enter the restaurant, another person asked to pass in front of him. Because of the crowding, it

was necessary for Joynt to take a step back so that the person could pass.

Behind Joynt was a colorful statue of a Western character with a slot machine in its chest. Although Joynt had observed the statue in the past, he had not noticed that the statue had a base plate that protruded beyond the statue. Thus, even though Joynt knew that he had enough room to take a step backwards without contacting the statue, when he took his step backwards, he fell over the base plate. As a result of this fall, Joynt injured his left shoulder and arm and his right knee.

Joynt filed a complaint against the casino in which he asserted that the casino was negligent in maintaining its premises. Thereafter, the casino's attorneys deposed Joynt. During his deposition, Joynt was asked if he would have fallen if he had seen the base plate. Joynt replied, "If I would have seen the base, I wouldn't have fell." Joynt also stated that "I presume I wouldn't fall. I mean I'm not going to walk in a hole if there's a hole there, you know." The casino then filed a motion for summary judgment and asserted that Joynt's fall was caused by his own negligence. The casino relied on the argument that there were no genuine issues of material fact with regard to causation. Subsequently, the district court granted the casino's motion for summary judgment.

On appeal, Joynt asserts that the district court erred when it granted summary judgment. Specifically, Joynt argues that: (1) he has raised genuine issues of fact with regard to the casino's negligence, (2) his actions should be judged by a reasonableness standard, and (3) because of the comparative negligence rule, any possible negligence on his part does not bar his negligence action. We agree with Joynt and conclude that the district court erred in granting summary judgment.

Our review of summary judgment orders is de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989). We have often reiterated the requirements for a grant of summary judgment:

> "Summary judgment is appropriate only when the moving party is entitled to judgment as a matter of law, and no genuine issue of material fact remains for trial;" properly supported factual allegations of the party opposing summary judgment must be accepted as true. Additionally, the pleadings and documentary evidence must be construed in the light which is most favorable to the party against whom the motion for summary judgment is directed. Litigants are not to be deprived of a trial if there is the slightest doubt as to the operative facts.

Perez v. Las Vegas Medical Center, 107 Nev. 1, 805 P.2d 589, 590 (1991) (citations omitted). In addition, questions of negligence and proximate cause are generally questions of fact: "A party's negligence becomes a question of law only when the evidence will support no other inference." Shepard v. Harrison, 100 Nev. 178, 180, 678 P.2d 670, 672 (1984); see Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981).

In a negligence action, the plaintiff has the burden of demonstrating the following: (1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged. Perez at 4, 805 P.2d at 590-91. To prevail on a summary judgment motion, the moving party has the burden of proving the absence of genuine issues of fact and must "show that one of the elements is clearly lacking as a matter of law." Sims v. General Telephone and Electric, 107 Nev. 516, 521, 815 P.2d 151, 154 (1991); see Renaud v. 200 Convention Center, Ltd., 102 Nev. 500, 501, 728 P.2d 445, 446 (1986). In addition, the court must give the party opposing summary judgment the benefit of favorable inferences, and must not draw inferences favorable to the moving party. O'Dell v. Martin, 101 Nev. 142, 144, 696 P.2d 996, 997 (1985); Berge v. Fredericks, 95 Nev. 183, 186, 591 P.2d 246, 247 (1979).

In the present case, Joynt has introduced evidence, in the form of an affidavit and deposition testimony, suggesting that the casino may have breached its duty to provide a reasonably safe environment to its business invitees and may have proximately caused Joynt's injuries.[1] Specifically, Joynt asserts that the casino allowed a large crowd to form outside the restaurant and did not establish any crowd control measures. In addition, Joynt contends that the base plate on the statue is not noticeable (although it is visible) because the Western character and slot machine are distracting by design. Thus, Joynt suggests that the casino did not properly maintain its premises and that his injuries may have resulted from the casino's failure to provide a reasonably safe environment. We conclude that Joynt has raised questions of fact with regard to the breach of duty and causation issues.

The casino asserts that "Joynt's deposition testimony amounts to an admission that the actual and legal cause of his fall was his

---

[1]The casino clearly owes a duty to its business invitees to maintain a reasonably safe environment, and the casino does not dispute the fact that Joynt was injured.

own negligence." This assertion lacks merit for three reasons. First, the cases cited by the casino in support of its assertion involve hazards that were clearly obvious or marked. For instance, in Hennesy v. Tina Marie Homes, Inc., 388 P.2d 758 (Colo. 1963), the plaintiff, while walking backwards, fell down the interior steps of a model home during her inspection of the home. In Hill v. Gaertner, 92 N.W.2d 810 (Minn. 1958), the plaintiff walked backwards down a hall and fell down the stairs. The hall was lighted, and the plaintiff lived in an apartment on the hall and thus knew where the stairs were located. Finally, in Young v. Price, 388 P.2d 203 (Haw. 1963), the plaintiff fell over a green hose lying across a cement sidewalk. The hose was marked by two orange and black traffic cones and a red flag.

Joynt's accident did not involve such clearly obvious or well-marked hazards. Joynt asserts that he did not previously notice the statue's base plate because the statue is designed to take the viewer's attention away from the protruding base plate.[2] Also, the base plate apparently was not marked. Further, Joynt's accident occurred during crowded conditions at the casino.

Second, we cannot conclude, as a matter of law, that Joynt was negligent in taking a step back without looking; the evidence does not support only this inference. Joynt asserts that he knew where the statue was when he took his step back and that he had not previously noticed the protruding base plate. Joynt also contends that a large crowd had gathered, and that he took his step back to allow a patron to pass.

We have previously held that a plaintiff may be justified in not watching every step. In Wagonwheel Saloon & Gambling Hall, Inc. v. Mavrogan, 78 Nev. 126, 127-28, 369 P.2d 688, 690 (1962), the plaintiff, while walking down a stairway, fell over nails and lumber that had been placed on the steps. The plaintiff had been looking at other persons and the bus to which he was headed, and admitted that he had not been looking at the steps. The plaintiff brought a successful negligence claim against the casino, and the casino appealed, contending that the plaintiff was contributorily negligent as a matter of law. This court determined that under the circumstances, the plaintiff may have been justified in not watching each of his steps. Accordingly, this court held that the reasonableness of the plaintiff's behavior was properly determined by the jury.

Further, cases from other jurisdictions have held that the

---

[2]The casino asserts that the attractive nature of the statue is irrelevant because Joynt was not looking at the statue when he fell. The attractive nature of the statue is relevant to the issue of Joynt's possible negligence, however, to the extent that it may have distracted Joynt and prevented him from observing the base plate on an earlier occasion.

totality of the circumstances must be considered in determining reasonable care and that an ordinarily careful person does not have to watch constantly where he or she is going. *See, e.g.,* Chance v. Lawry's, Inc., 374 P.2d 185 (Cal. 1962); Calerich v. Cudahy Packing Co., 460 P.2d 801 (Colo. 1967); Otts v. Brough, 409 P.2d 95 (Idaho 1965); Autry v. Walls I.G.A. Foodliner, Inc., 497 P.2d 303 (Kan. 1972); Todd v. Harr, Inc., 417 P.2d 945 (Wash. 1966). We thus conclude that the reasonableness of Joynt's actions should be determined by a jury.

Third and finally, the casino's assertion lacks merit because Nevada has adopted the doctrine of comparative negligence; thus, a plaintiff's negligence does not automatically bar her or his negligence action. NRS 41.141 states that "[i]n any action to recover damages . . . in which comparative negligence is asserted as a defense, the comparative negligence of the plaintiff . . . does not bar a recovery if that negligence was not greater than the negligence . . . of the parties to the action against whom recovery is sought." In Young's Machine Co. v. Long, 100 Nev. 692, 693, 692 P.2d 24, 25 (1984), we concluded that "Nevada's comparative negligence statute is clearly intended to apply to negligence actions." The comparative negligence statute eliminates "contributory negligence as a bar to a plaintiff's recovery, at least when negligence of a tortfeasor, or several tortfeasors combined, was as great as plaintiff's or greater." Warmbrodt v. Blanchard, 100 Nev. 703, 707-08, 692 P.2d 1282, 1285-86 (1984).

Therefore, even if Joynt was negligent in not watching his step, the casino may still be liable for negligence if Joynt was less negligent than (or only as negligent as) the casino. In Taylor v. Silva, 96 Nev. 738, 741, 615 P.2d 970, 971 (1980), we explained that "[c]ontributing fault, if any, on [the plaintiff's] part could reduce [the plaintiff's] recovery under the doctrine of comparative negligence, but does not negate a finding that [the defendants'] negligence was a proximate cause of [the plaintiff's] injuries." We cannot conclude in this case, as a matter of law, that Joynt was more negligent than the casino. Therefore, Joynt's possible fault does not warrant a grant of summary judgment to the casino.

Because Joynt has raised questions of fact with regard to the casino's negligence, because he may not have been negligent in stepping back without looking, and because Nevada has adopted the doctrine of comparative negligence, we conclude that the district court erred in granting summary judgment. We therefore reverse the district court order granting summary judgment and remand this case to the district court for further proceedings consistent with this opinion.