**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON HULIHAN, | No. 12-16513 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01096-ECR-RJJ |
| v. | |
| REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Sharon Hulihan appeals pro se from the district court's summary judgment

in her action alleging violations of Title II of the Americans with Disabilities Act

("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state law negligence claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on Hulihan's ADA and Section 504 claims because Hulihan failed to raise a genuine dispute of material fact as to whether defendants intentionally discriminated against her or excluded her from enjoying the benefits of public transportation on the basis of her disability. *See id.* (setting forth elements of a claim under Title II of the ADA); *Midgett v. Tri-County Metro. Transp. Dist.*, 254 F.3d 846, 850-51 (9th Cir. 2001) (occasional, isolated problems in public transportation provider's service did not violate the ADA for purposes of injunctive relief, and showing of discriminatory intent is a prerequisite to obtaining compensatory damages under the ADA); *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and [Section 504].").

The district court did not abuse its discretion by denying reconsideration of its summary judgment ruling on Hulihan's negligence claim because Hulihan failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard

of review and factors for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)); *Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992) (per curiam) (setting forth elements of negligence under Nevada law).

Hulihan's motion "revoking oral argument," filed on May 30, 2014, is granted. Accordingly, her motions for oral argument, filed on June 7, August 27, and September 3, 2013, are denied as moot.

Hulihan's contentions regarding the district court's alleged bias, failure to consider evidence, denial of due process, and lack of consideration for her pro se status are unpersuasive.

**AFFIRMED.**

12-16513