An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE FOURTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF ELKO;
AND THE HONORABLE NANCY L.
PORTER, DISTRICT JUDGE,
Respondents,
    and
JOHN RAYMOND BUSSERT,
Real Party in Interest.

No. 63741

FILED

SEP 26 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF CERTIORARI*

This is an original petition for a writ of certiorari seeking review of the constitutionality of Elko County Code § 8-1-9.

A law enforcement officer cited real party in interest John Bussert for "imprudent driving." Pursuant to a criminal complaint which purported that Bussert violated Elko County Code § 8-1-9 by "unlawfully driv[ing] or operat[ing] a motor vehicle, in any other than a careful or prudent manner," the justice court found Bussert guilty of the violation.

Bussert appealed his conviction to the district court. The district court granted Bussert's appeal and reversed his conviction upon determining that the following language in Elko County Code § 8-1-9(A) was void for vagueness: "It is unlawful for any person to drive or operate a motor vehicle upon a highway in any other than a *careful* or *prudent*

14-32163

manner." (Emphases added.) It concluded that the terms "careful" and "prudent" were "too subjective," failed "to establish what acts are prohibited . . . in the mind[s] of persons of ordinary intelligence," and lacked the specificity needed to prevent arbitrary and discriminatory enforcement. The district court further concluded that Elko County Code § 8-1-9(A) contradicted the intent of the Nevada Legislature, which repealed a statute that shared similar language as Elko County's code. *See* NRS 484.060(1) (1967) (repealed 1969); 1969 Nev. Stat., ch. 675, § 201, at 1510.

Petitioner State of Nevada filed the petition for a writ of certiorari that is properly before us. *See* NRS 34.020(3) (providing that a petition for a writ of certiorari may be granted where a person has been prosecuted for violating an ordinance, an appeal has been taken from a justice court, and on appeal the district court has "passed upon the constitutionality or validity of such statute or ordinance"). In its petition, the State contends that the district court erroneously determined that Elko County Code § 8-1-9(A) was unconstitutionally void for vagueness. Pursuant to our de novo review of the code, we agree with the State of Nevada. *See Hernandez v. Bennett-Haron*, 128 Nev. ___, ___, 287 P.3d 305, 310 (2012) (providing that this court reviews the constitutionality of a statute de novo).

The principles that govern the evaluation of a statute's constitutionality apply to Elko County Code § 8-1-9(A). *See Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) (applying the presumption that a statute is constitutional to an

ordinance). When challenged as being unconstitutional, a statute is interpreted based on its plain meaning. *Sheriff, Clark Cnty. v. Burcham*, 124 Nev. 1247, 1257, 198 P.3d 326, 332 (2008). In so doing, we presume that a statute is constitutional, resulting in the challenger bearing a heavy burden to show that the statute is unconstitutional. *Silvar*, 122 Nev. at 292, 129 P.3d at 684.

A statute may be unconstitutionally void for vagueness on two independent bases. *State v. Castaneda*, 126 Nev. ___, ___, 245 P.3d 550, 553 (2010). First, a statute is unconstitutionally vague "if it . . . fails to provide notice sufficient to enable persons of ordinary intelligence to understand what conduct is prohibited." *Silvar*, 122 Nev. at 293, 129 P.3d at 685. Second, a statute is unconstitutionally vague if it "lacks specific standards" to guide its enforcement, so as "to prevent arbitrary and discriminatory enforcement." *Id.*

Here, Elko County Code § 8-1-9(A)'s careful-or-prudent language sufficiently informs the public of the conduct that is unlawful and prevents arbitrary and discriminatory enforcement. As the *United States v. Escalante* court recognized in recounting a state supreme court's evaluation of a similar statute, the careful-or-prudent language conveys the "'familiar tort law standard, requiring . . . the same standard of care as a prudent person would exercise.'" 239 F.3d 678, 680 (5th Cir. 2001) (quoting *Leuer v. City of Flowood*, 744 So. 2d 266, 270 (Miss. 1999)); *see also Joynt v. Cal. Hotel & Casino*, 108 Nev. 539, 543-44, 835 P.2d 799, 802 (1992) (using the term "careful" in discussing negligence and the "ordinarily careful person"); *Driscoll v. Erreguible*, 87 Nev. 97, 101, 482

P.2d 291, 294 (1971) (using the term "prudent" in discussing negligence and the "ordinary prudent man"). This well-established tort standard may be understood by ordinary people, and "[b]ecause it applies only to conduct that is negligent, such that the conduct endangers the motorist or others, [the careful-or-prudent language] does not empower the police to punish whatever conduct they choose." *Escalante*, 239 F.3d at 680; *see also People v. Wawczak*, 486 N.E.2d 911, 913-14 (Ill. 1985) (concluding that similar statutory language, "due care," conveyed the well-established negligence standard, such that the language was not "impermissibly vague"); *State v. Jacobs*, 995 N.E.2d 1247, 1251-52 (Ohio Ct. App. 2013) (rejecting the argument that similar statutory language, "proceed with due caution," is unconstitutionally vague upon determining that the language conveys to a person of ordinary intelligence the well-established reasonable-person standard). Thus, we conclude that Elko County Code § 8-1-9(A) is not unconstitutionally void for vagueness.

As to the district court's reliance on legislative history that concerned the repeal of a state statute that contained language that was similar to Elko County Code § 8-1-9(A), that history is neither authoritative nor persuasive. The Legislature's acts do not inform whether Elko County Code § 8-1-9(A)'s language is vague. And the Legislature's repeal of a statute does not convey the intent to bar counties from enacting codes that resemble that repealed statute. If the Legislature had wanted to preclude a county from enacting a code that

 

was similar to the repealed statute, it would have likely evinced that intent with a statute that expressly forbids a county from doing so.

Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF CERTIORARI instructing the district court to vacate the portion of its order that reversed the conviction that was entered by the justice court.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:    Hon. Nancy L. Porter, District Judge
       Attorney General/Carson City
       Elko County District Attorney
       Sears Law Firm, Ltd.
       Elko County Clerk