**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOURDES MARIA MORTON, | No. 13-16822 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00155-MMD-NJK |
| v. | |
| WAL-MART STORES, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Lourdes Maria Morton appeals pro se from the district court's judgment in her diversity action arising from Morton slipping and falling on a clear gel-like substance.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo summary judgment and dismissal for failure to state claim, *Castle v. Eurofresh,*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Inc.*, 731 F.3d 901, 905-06 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment because Morton failed to raise a genuine dispute of material fact as to whether Wal-Mart Stores had either actual or constructive notice of the temporary hazard. *See FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012) (notice necessary for establishing liability of a business owner for a slip and fall caused by a foreign substance); *see also Perez v. Las Vegas Med. Ctr.*, 805 P.2d 589, 590-91 (Nev. 1991) (elements of negligence claim).

The district court properly dismissed the claims against Claims Management, Inc. and Arkansas Claims Management, Inc. because Morton failed to allege facts sufficient to show that these two parties owed a duty to maintain the premises. *See Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992) (per curiam) (duty is part of negligence cause of action).

Morton's contentions regarding the district court's procedural and discovery rulings are unpersuasive.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-16822