137 Nev., Advance Opinion 41

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

CHRISTINA KUSHNIR, M.D.; AND
WOMEN'S CARE CENTER OF
NEVADA, INC.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
TIERRA DANIELLE JONES, DISTRICT
JUDGE,
Respondents,
    and
THE ESTATE OF CAROL A. GAETANO,
DECEASED; AND VINCENT
GARBITELLI, ADMINISTRATOR,
Real Parties in Interest.

No. 81779-COA

FILED

AUG 05 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion for summary judgment in a medical malpractice action.

*Petition granted.*

McBride Hall and Robert C. McBride and Heather S. Hall, Las Vegas,
for Petitioners.

Heaton & Associates and Jared F. Herling, Las Vegas,
for Real Parties in Interest.

21-22728

BEFORE THE COURT OF APPEALS. GIBBONS, C.J., TAO and BULLA, JJ.

*OPINION*[1]

PER CURIAM:

Pursuant to NRS 41A.097(2), a medical malpractice action against a health care provider must be filed within one year of the injury's discovery or three years of the date of injury, whichever occurs first. NRS 41A.097(3) permits tolling of both limitations periods "for any period during which the provider of health care has concealed any act, error or omission upon which the action is based and which is known or through the use of reasonable diligence should have been known to the provider of health care." And the Supreme Court of Nevada has interpreted the statute to warrant tolling where the health care provider's intentional concealment "would have hindered a reasonably diligent plaintiff from procuring an expert affidavit" as required under NRS 41A.071. *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 255, 277 P.3d 458, 464 (2012).

In this original proceeding, we consider whether the one-year limitations period is tolled for concealment where (1) the undisputed facts show that the plaintiffs were in possession of the medical records necessary to procure the expert affidavit more than a year prior to filing the complaint,

---

[1]We originally resolved this petition in an unpublished order granting the petition and issuing a writ of mandamus. Petitioners subsequently filed a motion to publish the order as an opinion. We grant the motion and replace our earlier order with this opinion. *See* NRAP 36(f). Real parties in interest filed a petition for rehearing of our prior decision to grant the petition for a writ of mandamus. Having reviewed the petition, we deny rehearing. *See* NRAP 40(c).

and (2) the alleged concealment did not hinder the procurement of the affidavit. Because the plaintiffs had all necessary medical records and were therefore on inquiry notice of the claim more than a year before filing the complaint, and because the alleged concealment did not hinder the plaintiffs' ability to procure an expert affidavit, we conclude that the one-year statute of limitations expired and extraordinary writ relief is appropriate. We therefore grant the petition for a writ of mandamus and direct the district court to grant the defendants' motion for summary judgment.

I.

In December 2015, petitioner Christina Kushnir, M.D., performed a diagnostic laparoscopy on Carol Gaetano during which Gaetano sustained a perforation to her colon requiring hospitalization. It is unclear whether the procedure alone caused the perforation or whether it resulted in conjunction with Gaetano's advanced cancer. Gaetano died on January 17, 2016. Real party in interest and co-administrator of Gaetano's estate, Vincent Garbitelli, M.D., requested an autopsy from the coroner's office.[2] The coroner issued its autopsy report on January 22, 2016.

Dr. Garbitelli and Gaetano's estate (collectively the Estate) received Gaetano's complete medical records in August 2016. Approximately 15 months later, in November 2017, the Estate filed a complaint against Dr. Kushnir and her employer, Women's Care Center of Nevada, Inc. (collectively hereinafter Dr. Kushnir), alleging medical malpractice pursuant to NRS 41A.015. Dr. Garbitelli prepared the expert affidavit filed with the complaint. Dr. Kushnir filed a motion to dismiss, arguing that the complaint was untimely. The Estate opposed the motion

---

[2]Dr. Garbitelli is also Gaetano's second cousin.

on the ground that the one-year limitations period was tolled because Dr. Kushnir had allegedly concealed the true cause of Gaetano's perforated colon by telling the family it was caused by the cancer. The district court denied the motion, reasoning that more discovery needed to be conducted.

Later, after discovery was significantly completed, Dr. Kushnir moved for summary judgment, arguing again that the complaint was untimely. Specifically, Dr. Kushnir argued that the Estate was on inquiry notice of the claim as of August 2016, when it received a complete copy of Gaetano's medical records, and therefore the November 2017 complaint was untimely filed. After a hearing on the motion, the district court denied the request, concluding that "questions of fact exist with respect to Dr. Kushnir's alleged concealment." Dr. Kushnir now petitions this court for a writ of mandamus.

The gravamen of Dr. Kushnir's writ petition is that the Estate's medical malpractice complaint was untimely filed and therefore the district court was obligated to grant her motion for summary judgment pursuant to NRS 41A.097(2). Specifically, Dr. Kushnir contends that the Estate was on inquiry notice of the claim no later than August 2016, once it received the complete medical records, and therefore the complaint that the Estate filed in November 2017 was barred by the one-year statute of limitations. The Estate argues that the district court correctly denied the summary judgment motion because of unresolved facts regarding Dr. Kushnir's alleged concealment.

II.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev.

193, 197, 179 P.3d 556, 558 (2008). Whether to consider a petition for a writ of mandamus is within this court's sound discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Ordinarily, extraordinary writ relief is not available to challenge a district court's order denying summary judgment, "but an exception applies when 'no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the district court is obligated to dismiss an action.'" *Libby v. Eighth Judicial Dist. Court*, 130 Nev. 359, 363, 325 P.3d 1276, 1278 (2014) (quoting *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997)).

In this case, the district court denied Dr. Kushnir's summary judgment motion despite the fact that the Estate's complaint was plainly untimely and tolling was unavailable, as the alleged concealment had not hindered the Estate's ability to discover the alleged malpractice and procure an expert affidavit. Because the facts relevant to the timeline of events are not in dispute, and because the district court was obligated to dismiss the action pursuant to clear statutory authority, we elect to exercise our discretion and entertain this writ petition.

III.

"NRS 41A.097(2)'s one-year limitation period is a statutory discovery rule that begins to run when a plaintiff knows or, through the use of reasonable diligence, should have known of facts that would put a reasonable person on inquiry notice of his cause of action." *Id.* at 364, 325 P.3d at 1279 (internal quotation marks omitted). "[A] person is put on 'inquiry notice' when he or she should have known of facts that 'would lead an ordinarily prudent person to investigate the matter further.'" *Winn,* 128 Nev. at 252, 277 P.3d at 462 (quoting *Black's Law Dictionary* 1165 (9th ed.

2009)). Accordingly, for purposes of NRS 41A.097(2), an injury is discovered once the injured party possesses facts that would lead "an ordinarily prudent person to investigate further into whether [his or her] injury may have been caused by someone's negligence." *Id.* at 253, 277 P.3d at 462.

Pursuant to NRS 41A.097(3), however, "[subsection 2's] time limitation is tolled for any period during which the provider of health care has concealed any act, error or omission upon which the action is based." Thus, a plaintiff seeking to toll subsection 2's one-year discovery period must show an intentional concealment and "establish that he or she satisfied subsection 2's standard of reasonable diligence." *Winn,* 128 Nev. at 255, 277 P.3d at 464. In short, the Estate must establish that (1) Dr. Kushnir "intentionally withheld information," and (2) "that this withholding would have hindered a reasonably diligent plaintiff from procuring an expert affidavit." *Id.*

### A.

As a preliminary matter, we note that for purposes of this petition we assume (without deciding) that Dr. Kushnir intentionally withheld and/or concealed information following the surgery. Nevertheless, for the reasons articulated below, the Estate's medical malpractice claim fails as a matter of law.[3]

---

[3]Although we assume concealment for purposes of our analysis herein, we note that the Estate's concealment claim rests, at best, on dubious grounds. To the extent the Estate contends that Dr. Kushnir engaged in active and fraudulent concealment by proffering a non-negligent explanation for Gaetano's perforated colon (i.e., that Gaetano's advanced cancer was the primary cause of the perforation, not the laparoscopy) and failing to acknowledge that she was negligent, such an assertion finds little support in law, as one's mere denial of negligence is not tantamount to fraudulent concealment. *See Grimmett v. Brown,* 75 F.3d 506, 515 (9th Cir.

COURT OF APPEALS
OF
NEVADA

(O) 1947B

In its answering brief, the Estate concedes and agrees with Dr. Kushnir that the Estate received Gaetano's complete medical records in August 2016. Further, Dr. Garbitelli's expert affidavit, which was attached to the November 2017 complaint, states that his expert medical opinions contained therein are based on his "education, training, 40 years of medical practice, *review of the medical records* and facts o[f] this case." (Emphasis added.) Thus, the undisputed facts establish that the discovery rule was triggered in August 2016 when Garbitelli "had facts before him that would have led an ordinarily prudent person to investigate further," thereby putting him on inquiry notice of the cause of action. *Winn*, 128 Nev. at 253, 277 P.3d at 462. As a result, the one-year statute of limitations expired in August 2017, making the November 2017 complaint untimely. We therefore conclude that Dr. Kushnir correctly asserts that the one-year statute of limitations had run on the Estate's medical malpractice claim.

Despite these undisputed facts, the Estate appears to argue that the concealment clause tolls the one-year statute of limitations indefinitely and that a claim of concealment forgives the reasonable diligence requirement. Therefore, the Estate argues, the district court correctly denied Dr. Kushnir's summary judgment motion. We conclude, however, that these arguments are unpersuasive.

### B.

First, the tolling provision is not limitless. Although NRS 41A.097(3) states that "[subsection 2's] time limitation is tolled for any

_____

1996) ("A failure to 'own up' does not constitute active concealment." (emphasis omitted)); *cf. Joynt v. Cal. Hotel & Casino*, 108 Nev. 539, 542, 835 P.2d 799, 801 (1992) (recognizing that it is the plaintiff's burden to prove a defendant's negligence).

period during which the provider of health care has concealed any act, error or omission," possibly suggesting never-ending tolling, *Winn* clarifies that the concealment must be of the type that "would have hindered a reasonably diligent plaintiff from procuring an expert affidavit." *Winn*, 128 Nev. at 255, 277 P.3d at 464. In other words, the concealment must have interfered with a reasonable plaintiff's ability to satisfy the statutory requirement that the complaint be accompanied by an expert affidavit. *See* NRS 41A.071.

Here, the alleged concealment was Dr. Kushnir's statement that Gaetano's advanced cancer, and not the laparoscopic procedure, caused the perforation to her colon. But this alleged concealment did not impact Dr. Garbitelli's ability to procure an expert affidavit. Indeed, Dr. Garbitelli's affidavit states that it was the medical records that revealed the alleged negligence—medical records that had been in his possession since August 2016 and admittedly served as the sole factual basis for his medical opinions. Accordingly, even assuming that Dr. Kushnir concealed the true cause of the perforated colon, the tolling period, if any, ended in August 2016 when Dr. Garbitelli received the complete medical records and the Estate was put on inquiry notice of the claim, making procurement of the expert affidavit attainable without hindrance. Therefore, the one-year statute of limitations expired in August 2017—approximately three months before the complaint was filed.

Nevertheless, relying on *Winn*, the Estate argues that the concealment tolls the statute of limitations despite the discovery rule. The Estate misconstrues *Winn*. In *Winn*, the supreme court concluded that although the plaintiff's complaint was filed more than one year after discovery of the injury, 128 Nev. at 253-54, 277 P.3d at 463, it could not affirm the district court's grant of summary judgment based on the statute

of limitations because "factual issues remain[ed] as to whether Sunrise concealed records from Winn so as to warrant tolling." *Id.* at 258, 277 P.3d at 466. Those unresolved factual issues related directly to whether the undisclosed information was material to the plaintiff's claim, thus hindering the procurement of an expert affidavit. *Id.* at 256, 277 P.3d at 465. In this case, as explained above, no such hindrance occurred, as the Estate possessed the complete medical records in August 2016 and those records provided Dr. Garbitelli with all the information necessary to discover the alleged medical malpractice and prepare his expert affidavit. Accordingly, *Winn* is unavailing on this point.[4]

## C.

Second, the Estate's argument that concealment forgives the reasonable diligence requirement is without merit. *Winn*, in fact, manifestly states the opposite. The *Winn* court noted specifically that "a plaintiff seeking to toll subsection 2's one-year discovery period must . . . establish that he or she satisfied subsection 2's standard of 'reasonable diligence.'" *Id.* at 255, 277 P.3d at 464. Thus, reasonable

---

[4]The Estate also contends that footnote 4 in the *Winn* opinion expressly authorizes "timely filing suit even more than a year *after receiving medical records* (i.e.[,] 'discovering' the injury based on 'inquiry notice') if the two-prong test for concealment is satisfied." (Emphasis added.) This, however, is not what footnote 4 holds. Rather, footnote 4 holds that the tolling provision of subsection 3 applies to both the three-year and one-year limitations periods of subsection 2 and that a plaintiff's independent discovery of his or her claim will not commence the one-year limitations period if the defendant's ongoing concealment (e.g., failure to produce medical records) continues to hinder the plaintiff's ability to procure an expert affidavit. *Winn*, 128 Nev. at 254 n.4, 277 P.3d at 463 n.4. Here, as explained in the body of the opinion, Dr. Kushnir's alleged concealment did not hinder the Estate's ability to procure its expert affidavit.

COURT OF APPEALS
OF
NEVADA

(O) 1947B

diligence is clearly required, and the Estate was not reasonably diligent here, as it waited almost 3 months to review the medical records and approximately 15 months to file its complaint after being placed on inquiry notice in August 2016. Consequently, we conclude that this contention is meritless as it finds no support in controlling law. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider an appellant's contention that is not cogently argued or lacks the support of relevant authority).[5]

## IV.

In sum, we conclude that extraordinary writ relief is warranted because no disputed issues of material fact exist as to when the Estate was on inquiry notice of the cause of action and, based on those same undisputed facts, subsection 3's tolling provision is inapplicable. *See Libby*, 130 Nev. at 363, 325 P.3d at 1278. The irrefutable facts, therefore, establish that the one-year statute of limitations expired in August 2017, making the November 2017 complaint untimely. As a result, "pursuant to clear authority under a statute or rule, the district court [wa]s obligated to

---

[5]Additionally, the Estate suggests the November 2017 complaint was timely because it was filed "within one year of Dr. Garbitelli having *actual knowledge* of [Dr.] Kushnir's negligence." (Emphasis added.) Actual knowledge, however, is not the standard; rather, subsection 2's one-year limitations period is triggered "when a plaintiff knows or, through the use of reasonable diligence, *should have known of facts* that would put a reasonable person on inquiry notice of his cause of action." *Libby*, 130 Nev. at 364, 325 P.3d at 1279 (emphasis added) (internal quotation marks omitted). Therefore, this contention, too, fails as a matter of law.

dismiss [the] action." *Id.* (quoting *Smith*, 113 Nev. at 1345, 950 P.2d at 281).[6]

We therefore grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to grant petitioners' motion for summary judgment.

_____, C.J.
Gibbons

_____, J.
Tao

_____, J.
Bulla

---

[6]Insofar as the parties raise arguments that are not specifically addressed in this opinion, we have considered the same and conclude that they either do not present a basis for relief or need not be reached given the disposition of this appeal.