An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DIGNITY HEALTH D/B/A ST. ROSE
DOMINICAN HOSPITALS; BRIAN
LIPMAN, M.D.; DULCE QUIROZ, M.D.;
SCOTT SELCO, M.D.; SYED
AKBARULLAH, M.D.; SHALINI
BHATIA, D.O.; JESSICA GORDON,
D.O.; NERIE JAMISON, DNP; AND IPC
THE HOSPITALIST COMPANY, INC.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
and
WILLIAM NATHAN BAXTER,
Real Party in Interest.

No. 66084

**FILED**

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss in a medical malpractice action.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether to consider a writ of mandamus is within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). As a general rule, this court will not exercise its discretion to consider petitions for extraordinary writ relief that challenge district court orders denying motions to dismiss, but an exception applies when "no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the

district court is obligated to dismiss an action." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344-45, 950 P.2d 280, 281 (1997). Because no disputed factual issues exist and the district court was obligated to dismiss this action pursuant to clear authority, we exercise our discretion to consider this petition. *Id.*

## FACTS AND PROCEDURAL HISTORY

Real party in interest William Nathan Baxter was admitted to St. Rose Dominican Hospital on August 16, 2012. Baxter was transferred to Scripps Green Hospital in La Jolla, California, on August 21, 2012, and was later transferred to a third hospital. On January 27, 2014, Baxter filed a complaint alleging medical malpractice against St. Rose, petitioners Brian Lipman, M.D., Dulce Quiroz, M.D., Scott Selco, M.D., Syed Akbarullah, M.D., Shalini Bhatia, D.O., Jessica Gordon, D.O., and Nerie Jamison, DNP, who treated Baxter at St. Rose, and petitioner IPC The Hospitalist Company, Inc., the employer of Bhatia, Gordon, and Jamison. The complaint states that "Plaintiff, in the exercise of reasonable diligence, could not have discovered that his injuries may have been the result of negligence until in or about December 2012, when copies of Plaintiff's medical records were obtained on Plaintiff's behalf."

Attached to the complaint was the affidavit of Baxter's medical expert, Joseph Cadden, M.D. Although this affidavit states that Cadden reviewed Baxter's medical records from St. Rose as well as the two hospitals that Baxter was admitted to after he was transferred from St. Rose, the affidavit discusses only the treatment received by Baxter at St. Rose in determining that petitioners fell below the applicable standard of care in treating Baxter. Petitioners filed motions to dismiss in the district court, arguing that Baxter failed to file his complaint within one year after he discovered, or through the use of reasonable diligence should have

discovered the injury, as is required by NRS 41A.097. Baxter argued in opposition that he was not aware that he had a claim against petitioners until he received Cadden's expert affidavit on August 16, 2013, and thus, NRS 41A.097's one-year statute of limitations did not begin to run until that date. The district court denied the motions to dismiss, and this petition followed.

NRS 41A.097(2) provides that "an action for injury . . . against a provider of health care may not be commenced more than . . . 1 year after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury. . . ." This court explained in *Massey v. Litton*, 99 Nev. 723, 726-28, 669 P.2d 248, 250-52 (1983), that NRS 41A.097(2)'s one-year limitation period is a statutory discovery rule that begins to run when a plaintiff "knows or, through the use of reasonable diligence, should have known of facts that would put a reasonable person on inquiry notice of his cause of action." This court further explained that the term "injury," as used in the one-year limitation period, encompasses a plaintiff's discovery of damages as well as discovery of the negligent cause of the damages. *Id.* at 728, 669 P.2d at 252.

Petitioners argue, among other things, that Baxter knew as of the date he received his medical records from St. Rose in December 2012 that he may have a claim against petitioners, and thus, his January 27, 2014, complaint was untimely. In addition to the arguments made in the district court, Baxter contends that, although he received his St. Rose medical records in December 2012, he did not receive the medical records from the two hospitals to which he was transferred after he left St. Rose until June 2013. Because those medical records were necessary to determine the cause of his injury, Baxter argues, the one-year statute of

limitations did not begin to run until June 2013, and thus, his January 2014 complaint was timely.

Having considered the parties' briefs and appendices, we conclude that Baxter's one-year statute of limitations began to run against petitioners when he received the medical records from St. Rose. *See Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. ___, ___, 277 P.3d 458, 462-63 (2012) (concluding that the accrual date for a statute of limitations is a question of law when the facts are uncontroverted). It is uncontroverted that Baxter received his medical records from St. Rose by no later than December 2012. And a review of Cadden's expert affidavit shows that, although the affidavit references that Cadden reviewed the medical records obtained from the two other hospitals to which Baxter was transferred, Cadden's conclusions that petitioners fell below the applicable standard of care in their treatment of Baxter are derived from the St. Rose records.[1]

When he received the St. Rose medical records, Baxter had already retained an attorney and "had access to facts that would have led an ordinarily prudent person to investigate further into whether [his] injury may have been caused by someone's negligence," *id.* at ___, 277 P.3d at 463, and therefore, he was on inquiry notice of his potential claims

---

[1]In his conclusions regarding how petitioner Gordon fell below the applicable standard of care, Cadden does reference records obtained from Scripps Green Hospital. Based on the additional documents submitted by Baxter in his appendix to his answer to this petition, however, it is evident that most of the alleged actions on which Cadden bases his opinion that Gordon fell below the standard of care are based on records obtained from St. Rose. Baxter was therefore on inquiry notice of his claim against Gordon at the time that he obtained the St. Rose records. *Winn*, 128 Nev. at ___, 277 P.3d at 463; *Massey*, 99 Nev. at 726-28, 669 P.2d at 250-52.

against petitioners no later than December 2012, and thus, his January 27, 2014, complaint was untimely. The district court therefore erred in denying petitioners' motions to dismiss. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to grant petitioners' motions to dismiss and to dismiss real party in interest's complaint.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Douglas Smith, District Judge
Carroll, Kelly, Trotter, Franzen, & McKenna
Alverson Taylor Mortensen & Sanders
John H. Cotton & Associates, Ltd.
Lemons, Grundy & Eisenberg
Cogburn Law Offices
Schuering Zimmerman & Doyle LLP
Gary Logan
Kenneth M. Sigelman & Associates
Eighth District Court Clerk

---

[2]In light of this order, we deny as moot petitioners' emergency motion for a stay of the district court proceedings. Additionally, having considered Baxter's August 13, 2014, motion to include correspondence in his appendix, we grant the requested relief. The appendix at issue in the motion was already filed by the clerk of this court on August 26, 2014.

SUPREME COURT
OF
NEVADA

(O) 1947A