
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESS C. ARNDELL and SUZANNE K. ARNDELL,<br><br>                Appellants,<br><br>  v.<br><br>ROBISON, BELAUSTEGUI, SHARP & LOW, KENT R. ROBISON, THOMAS L. BELAUSTEGUI, F. DEARMOND SHARP, KEEGAN G. LOW, and MARK G. SIMONS,<br><br>                Appellees. | No. 12-17187<br><br>D.C. No. 3:11-cv-469 (RCJ) (VPC)<br><br><br>MEMORANDUM[*] |

On Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted December 11, 2014
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and BLOCK, District Judge.[**]

Jess C. Arndell and Suzanne K. Arndell (collectively, the "Arndells") appeal

the district court's dismissal of their legal malpractice action. We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

under 28 U.S.C. § 1332.[1]  We affirm.

The Arndells were not entitled to concealment tolling on their legal malpractice claim under NEV. REV. STAT. § 11.207(2).  We are persuaded that were the Nevada Supreme Court to consider this issue, it would apply the medical malpractice concealment standard from *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458 (Nev. 2012), to legal malpractice concealment.  *Cf. In re Watts*, 298 F.3d 1077 (9th Cir. 2002) (adopting decisions by the California Courts of Appeal interpreting state judgment creditor law after concluding that the California Supreme Court would follow their rationale if presented with the same issue).  Legal and medical malpractice claims have similarly structured limitations periods and virtually identical concealment tolling provisions.  *Compare* NEV. REV. STAT. § 11.207, *with* NEV. REV. STAT. § 41A.097.

Under *Winn*, concealment tolls the statute of limitations when: (1) the defendant intentionally withheld information and (2) that withholding would have hindered a reasonably diligent plaintiff from filing suit.  *See Winn*, 277 P.3 at 464.  When the settlement was signed on February 26, 2003, the Arndells knew that Appellees: (1)

---

[1]  After considering the parties' responses to our order regarding subject matter jurisdiction, we conclude that Hidden Meadows Company and Jess Arndell Construction Company's assignment of their interests in this litigation to the Arndells was not collusive under 28 U.S.C. § 1359.  Accordingly, the district court properly exercised diversity subject matter jurisdiction.

advocated settling a $11,000,000 claim for $70,000; (2) inappropriately pressured Jess Arndell to settle; (3) admitted they were unprepared for trial; (4) settled the SEA lawsuit for $1,450,000 without authorization; and (5) negotiated the indemnification clause without consent. With this knowledge, a reasonably diligent plaintiff would not have waited for Appellees to provide an accounting and disclose emails before filing a malpractice action.[2] *Id.*

The Arndells have also failed to demonstrate that they were prejudiced by the district court's consolidation of their fraud and misrepresentation claims into a legal malpractice claim. *See* FED. R. CIV. P. 61. Any fraud or misrepresentation claims they could have asserted based on the allegations in the First Amended Complaint would have been untimely in any event. *See* NEV. REV. STAT. § 11.190(3)(d).

**AFFIRMED.**

---

[2] At oral argument, the Arndells maintained that Appellees lied regarding the availability of expert testimony in the SEA lawsuit. This allegation does not appear in the First Amended Complaint and the Arndells have not revealed the contents of this testimony. In any event, withholding of this testimony, even if favorable, is insufficient to establish concealment tolling under the facts of this case.