An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DON C. GILBRETH, D.M.D., LTD., A NEVADA PROFESSIONAL CORPORATION; AND DON C. GILBRETH, AN INDIVIDUAL, Appellants, vs. MICHAEL R. HERRINGTON, AN INDIVIDUAL, Respondent. | No. 65400 |

**FILED**

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment and a district court order denying a post-trial motion for judgment as a matter of law in a dental malpractice action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Respondent filed a claim for dental malpractice against appellants. The issue of whether respondent filed his claim within NRS 41A.097(2)'s one-year statute of limitations was submitted to the jury, who determined that the claim was timely and returned a verdict in favor of respondent. During trial, appellants moved for judgment as a matter of law on the statute of limitations issue, which was denied by the district court. Appellants renewed their motion post trial, arguing that as a matter of law the district court should find that respondent's complaint was filed more than one year after he was on inquiry notice of his claim against appellants. The district court denied appellants' motion.

Having reviewed the parties' briefs and appendices, and viewing the evidence presented in the light most favorable to respondent, we conclude that the district court did not err in denying appellants' motion for judgment as a matter of law. *See Wyeth v. Rowatt*, 126 Nev.

15 - 31611

446, 460, 244 P.3d 765, 775 (2010) (concluding that an order granting or denying judgment as a matter of law is reviewed de novo); *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 910, 193 P.3d 536, 542 (2008) (stating that the evidence and all inferences must be viewed most favorably to the party against whom the motion for a judgment as a matter of law is made). Although appellants argue that the one-year statute of limitations began to run at the latest on the date that respondent received his cancer diagnosis, and thus that the district court should have found as a matter of law that respondent's claim was barred by the statute of limitations, conflicting evidence was presented regarding when respondent was put on inquiry notice of his claim against appellants. *See Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev., Adv. Op. 23, 277 P.3d 458, 462-63 (2012) (stating that the accrual date for NRS 41A.097(2)'s one-year statute of limitations ordinarily presents a question of fact to be decided by the jury, and a district court may make such a determination as a matter of law only when evidence irrefutably demonstrates this accrual date); *M.C. Multi-Family Dev., L.L.C.*, 124 Nev. at 910, 193 P.3d at 542 (holding that judgment as a matter of law is proper only when "the evidence is so overwhelming for one party that any other verdict would be contrary to the law" (citations omitted)).

Specifically, the record shows that respondent was not informed of any misdiagnosis or negligence on the part of appellants on or before the date of his cancer diagnosis and was not aware that Dr. Gilbreth had determined several years earlier that respondent had a knot in his tongue until respondent later obtained his medical records from appellants. Both Dr. Gilbreth and respondent also testified that they each continued to consider Dr. Gilbreth to be respondent's dentist even after

the cancer diagnosis, and respondent testified that he remained satisfied with Dr. Gilbreth's care even after his diagnosis and during his cancer treatment. Because conflicting evidence was presented regarding when the one-year statute of limitations began to run, the district court properly determined that the issue was one of fact for the jury to determine and denied appellants' motion. *Winn*, 128 Nev., Adv. Op. 23, 277 P.3d at 462-63; *M.C. Multi-Family Dev., L.L.C.*, 124 Nev. at 910, 193 P.3d at 542. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Elissa F. Cadish, District Judge
     Israel Kunin, Settlement Judge
     Law Offices of Alfred F. Belcuore
     Mandelbaum, Ellerton & Associates
     Marcin Lambirth, LLP
     Eighth District Court Clerk