# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY CHARLES,
Appellant,
vs.
CITY OF HENDERSON, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA; SGT. HAMPTON,
INDIVIDUALLY AND IN HIS CAPACITY
AS A POLICE OFFICER OF THE CITY
OF HENDERSON; AND WILLIAM
PURDUE, INDIVIDUALLY AND IN HIS
CAPACITY AS A POLICE OFFICER OF
THE CITY OF HENDERSON,
Respondents.

No. 67125

FILED

MAY 1 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order of dismissal in a tort action. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Having reviewed the parties' briefs and appendices, we perceive no error in the district court's order dismissing appellant's complaint on the basis that it is barred by the three-year statute of limitations under NRS 11.190(3)(c).[1] *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (holding that this court reviews de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations in the complaint as true, and

---

[1]Although the district court's order also refers to NRS 41.036(2) as a basis for dismissal of appellant's complaint, we do not need to reach that issue.

16- 14580

drawing all inferences in the plaintiff's favor); *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 253, 277 P.3d 458, 463 (2012) (recognizing that when the facts are uncontroverted, the "appropriate accrual date for the statute of limitations is a question of law" (quoting *Day v. Zubel*, 112 Nev. 972, 977, 922 P.2d 536, 539 (1996))).

The record shows that appellant had knowledge of his claims against respondents no later than December 9, 2010, when he filed a motion in his justice court criminal case seeking the return of property seized under a search warrant. *See City of N. Las Vegas v. State, EMRB*, 127 Nev. 631, 640, 261 P.3d 1071, 1077 (2011) (holding that equitable tolling will extend a statute of limitations if a reasonable plaintiff would not have known of the existence of their claim within the limitations period); *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (concluding that the statute of limitations for conversion is discovery based). And appellant's claim began to accrue when he entered his guilty plea in the criminal case on January 5, 2011, as this is the date on which respondents' right to claim lawful possession of appellant's property ceased and he was entitled to its return. *See Gates v. Towery*, 435 F. Supp. 2d 794, 800-01 (N.D. Ill. 2006) (holding that conversion and replevin claims for the return of property seized in a criminal investigation accrue on the date on which the plaintiff was first able to demand the return of his property); *see also* NRS 179.105 (requiring police officers to retain all property taken based on a warrant subject to court order). Though appellant argues that the statute of limitations was tolled because he did not discover the full extent of what the Police seized until after he saw photographs from the seizure, equitable tolling is only

available until the plaintiff has learned enough information to determine whether a claim exists, not to discover the full extent of his or her claim. *See City of N. Las Vegas*, 127 Nev. at 640, 261 P.3d at 1077; *Ruso v. Morrison*, 695 F. Supp. 2d 33, 46 (S.D.N.Y. 2010) ("The law does not permit equitable tolling when a party simply did not realize the 'extent' of his claim."). Because appellant did not file the underlying complaint until January 30, 2014, more than three years after the date when his claims accrued, the district court properly concluded that appellant's claims are barred. NRS 11.190(3)(c) (providing that "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof" are subject to a three-year statute of limitations); *Winn*, 128 Nev. at 253, 277 P.3d at 463. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Valorie J. Vega, District Judge
       Jeffrey Charles
       Henderson City Attorney
       Eighth District Court Clerk