# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM ERRICO, AN INDIVIDUAL; AND WILLIAM ERRICO AND ASSOCIATES, P.C., A NEVADA PROFESSIONAL CORPORATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE,
Respondents,
and
MICHAEL C. VAN, ESQ. AS SUCCESSOR GUARDIAN OF THE ESTATE FOR WILFRED RICHARD-JAMES BOSSERMAN,
Real Party in Interest.

No. 70147

**FILED**

**MAY 11 2016**



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a January 2016 order denying a motion to dismiss in a legal malpractice action and an August 2015 order denying a motion to stay the proceedings in that same action.

Having considered the petition and supporting documents, we are not persuaded that our extraordinary and discretionary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). With respect to the January 2016 order, and assuming without deciding that petitioners' NRS 11.250 arguments have merit, dismissal of the action would still not be warranted because the record does not "irrefutably demonstrate[ ]" that Mr.

16-14808

Bosserman's claims accrued in December 2010. *See Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 253, 277 P.3d 458, 463 (2012) (recognizing that the date on which a cause of action accrues is normally a question of fact and that "[d]ismissal on statute of limitations grounds is only appropriate when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the facts giving rise to the cause of action" (quotation omitted)). We also note that the district court did not dismiss the November 2013 complaint.

With respect to the August 2015 order, petitioners have not explained their delay in seeking writ relief, nor have they provided any documentation regarding the status of Mr. Errico's criminal proceeding so that this court could meaningfully determine whether the district court abused its discretion in denying a stay. NRAP 21(a)(4); *Pan*, 120 Nev. at 228, 88 P.3d at 844; *see Aspen Fin. Servs., Inc. v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 57, 289 P.3d 201, 205-06 (2012) (reviewing a district court's denial of a stay for an abuse of discretion and recognizing that "[d]etermining whether to grant such a stay is a fact-intensive, case-by-case determination"). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[1]In light of our disposition of this writ petition, petitioners' April 13, 2016, motion for a stay is denied as moot.

cc: Hon. Timothy C. Williams, District Judge
Johnson & Gubler, P.C.
Shumway Van & Hansen
Eighth District Court Clerk