# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROEL BARCELONA, INDIVIDUALLY AND AS THE SPOUSE OF ROSABELLE BARCELONA AND AS THE NATURAL FATHER AND GUARDIAN AD LITEM OF ROEHL PATRICK BARCELONA; RYLE CARLO BARCELONA; RYAN BEAU BARCELONA, MINORS; JONATHAN L. TAYLOR, ESQ., AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ROSABELLE BARCELONA, DECEDENT; AND THE ESTATE OF ROSABELLE BARCELONA,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIERRA DANIELLE JONES, DISTRICT JUDGE,
Respondents,
and
ANITA GONDY, M.D., AN INDIVIDUAL; ANITA GONDY, M.D., LTD., A NEVADA CORPORATION; SMOKE RANCH OB-GYN, LLC, A NEVADA CORPORATION; AND SUMMERLIN HOSPITAL MEDICAL CENTER, LLC,
Real Parties in Interest.

No. 78395

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order granting a motion to dismiss in a medical malpractice

action.[1] Rosabelle Barcelona underwent surgery at Summerlin Hospital Medical Center, LLC, and died shortly thereafter on November 4, 2015. Petitioners, Barcelona's estate and relatives, filed a complaint against Summerlin Hospital and other medical providers that treated Barcelona on October 29, 2016. The district court initially dismissed Summerlin Hospital because petitioners' supporting medical affidavit did not opine that Summerlin had breached any standard of care.

Petitioners continued with discovery and, during Dr. Anita Gondy's August 30, 2017, deposition, Dr. Gondy stated hours passed before the hospital's staff informed her of Barcelona's post-surgery complications, that the staff told her Barcelona had received too much pain medication, that she could not thereafter immediately treat Barcelona because she was already handling another medical emergency, and that no other doctors were available to treat Barcelona. Based on this information, petitioners obtained a new medical affidavit opining that Summerlin Hospital breached the standard of care, the district court granted petitioners' motion to amend their complaint to include the hospital, and petitioners filed their amended complaint on May 21, 2018. The district court again dismissed Summerlin Hospital, however, this time apparently on statute of limitation grounds, stating "[p]laintiffs' inquiry notice started at the time of . . . Barecelona's death." Petitioners now argue that the district court erred in dismissing Summerlin Hospital on this basis because they had not discovered that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

Summerlin possibly contributed to Barcelona's injury and, thus, the applicable statute of limitations did not begin to run, until Dr. Gondy gave her deposition testimony implicating Summerlin Hospital, making their second amended complaint timely.

"Dismissal on statute of limitation grounds is only appropriate when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the facts giving rise to the cause of action." *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (internal quotation marks omitted); *see also Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 253, 277 P.3d 458, 463 (2012) (providing that, while a statute of limitation's accrual date is generally a question of fact for the jury, it is a question of law if the underlying facts are uncontroverted). NRS 41A.097(2) provides that a wrongful death action against a medical provider "may not be commenced more than . . . 1 year after the plaintiff discovers or through use of reasonable diligence should have discovered the injury." "Injury" as used in this statute means "legal injury": that a patient suffered damages and that the health provider's negligence caused those damages. *Massey v. Litton*, 99 Nev. 723, 727, 669 P.2d 248, 251 (1983). And a plaintiff "discovers" a legal injury either when the plaintiff has actual knowledge of the injury or "when the [plaintiff] has before him facts which would put a reasonable person on inquiry notice of his possible cause of action." *Id.* at 727-28, 669 P.2d at 251. A plaintiff is put on "inquiry notice" when the plaintiff "should have known of facts that would lead an ordinarily prudent person to investigate the matter further." *Winn*, 128 Nev. at 252, 277 P.3d at 462 (internal quotation marks omitted).

Initially, we agree with petitioners that the district court erroneously found petitioners had inquiry notice at the time of Barcelona's death because, at that time, there was not irrefutable evidence that petitioners had discovered the legal injury potentially caused by Summerlin Hospital. *See Winn*, 128 Nev. at 253, 277 P.3d at 463 (recognizing that an "ordinarily prudent person would [not] begin investigating whether a cause of action might exist on the same day" that the patient's injury occurs). However, the evidence does irrefutably demonstrate that petitioners were on inquiry notice of Barcelona's injury, and that Summerlin Hospital possibly caused that injury, at least as of October 29, 2016, the date they filed their initial complaint. The fact that Barcelona died following surgery "would [lead] an ordinarily prudent person to investigate further into whether [Barcelona's] injury may have been caused by someone's negligence." *Id.* at 253, 277 P.3d at 462. Petitioners' hiring of an attorney, suing Summerlin Hospital, and inclusion of an affidavit opining on other defendants' negligence with the initial complaint further show that petitioners had enough information to conclude that Barcelona's physical injury was caused by a medical provider's negligence such that they should have further investigated Summerlin Hospital's role in the injury. *See id.* at 253, 277 P.3d at 462 (pointing to the plaintiff's hiring of an attorney to support the conclusion that the plaintiff had facts before her to put her on inquiry notice such that she had discovered her child's injury). We therefore conclude that NRS 41A.097(1)'s one-year statute of limitations began to run on or before October 29, 2016, the date petitioners filed their initial complaint against Summerlin Hospital. As such, the statute of limitations barred the amended complaint against Summerlin Hospital filed by

petitioners on May 21, 2018, and the district court did not err in dismissing the complaint as to it.[2] Accordingly, we

ORDER the petition DENIED.[3]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:    Hon. Tierra Danielle Jones, District Judge
Bighorn Law
John H. Cotton & Associates, Ltd.
Carroll, Kelly, Trotter, Franzen, McBride & Peabody/Las Vegas
Eighth District Court Clerk

---

[2]Based on our decision, we need not address Summerlin Hospital's alternative argument for denying petitioners' request for relief.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.