IN THE SUPREME COURT OF THE STATE OF NEVADA

ESTATE OF MARY CURTIS,
DECEASED; LAURA LATRENTA, AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF MARY CURTIS; AND
LAURA LATRENTA, INDIVIDUALLY,
Appellants,
vs.
ANNABELLE SOCAOCO, N.P.; IPC
HEALTHCARE, INC., A/K/A THE
HOSPITALISTS COMPANY, INC.;
INPATIENT CONSULTANTS OF
NEVADA, INC.; IPC HEALTHCARE
SERVICES OF NEVADA, INC.; AND
HOSPITALISTS OF NEVADA, INC.,
Respondents.

No. 79116

FILED

SEP 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a tort complaint on a motion for reconsideration. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

On March 7, 2016, a nurse at the nursing home caring for Mary Curtis erroneously gave her a 120mg dose of morphine. Respondent Annabelle Socaoco, N.P. oversaw the treatment of Curtis at the nursing home after the erroneous morphine dose and ordered Narcan injections to treat it. The next day, nursing home staff called 911 and emergency personnel transported Curtis to a hospital. At the hospital, health care personnel told appellant Laura Latrenta, now the personal representative

SUPREME COURT
OF
NEVADA

(O) 1947A

20-35899

of the estate of Mary Curtis, that Curtis's health care providers "should have brought her [to a hospital] as soon as this happened" so that they "could have put her on a Narcan drip." On March 11, 2016, Curtis died due to morphine intoxication.

On May 1, 2018, Latrenta filed an amended complaint against respondents Socaoco and IPC Healthcare, Inc. (collectively "IPC Respondents") alleging, among other causes of action, professional negligence. Latrenta claimed that Socaoco negligently supervised Curtis's treatment for a morphine overdose because she did not immediately send Curtis to the hospital, order a Narcan drip to treat the overdose, or recognize that Curtis required close observation. Respondents moved for dismissal or alternatively for summary judgment, arguing that Latrenta's amended complaint was time barred under NRS 41A.097(2). Judge Villani denied the motion in part, finding that a material question of fact remained regarding when Latrenta was on inquiry notice.

IPC Respondents timely filed a motion to reconsider Judge Villani's order, arguing that it was clearly erroneous. While the motion was pending, the case was administratively reassigned to Judge Holthus. Judge Holthus granted IPC Respondents' motion on the pleadings and dismissed Latrenta's complaint with prejudice, finding that Latrenta was on inquiry notice by March 11, 2016, and concluding that Latrenta's complaint was time barred under NRS 41A.097(2). Latrenta appeals.

We review a district court's decision to reconsider a previously decided motion for an abuse of discretion. *Harvey's Wagon Wheel, Inc. v. MacSween*, 96 Nev. 215, 218, 606 P.2d 1095, 1097 (1980). "A district court may reconsider a previously decided issue if . . . the decision is clearly erroneous." *Masonry & Tile Contractors Ass'n of S. Nev. v. Jolley, Urga &*

*Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997). Whether Judge Holthus abused her discretion turns on whether Judge Villani properly denied IPC Respondents' motion to dismiss or for summary judgment. We review a motion to dismiss that considers matters outside the pleadings as if it were a motion for summary judgment. *Schneider v. Cont'l Assurance Co.*, 110 Nev. 1270, 1271, 885 P.2d 572, 573 (1994). "Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (internal quotations omitted). We review "a district court's grant of summary judgment de novo," viewing "the evidence, and any reasonable inferences drawn from it . . . in a light most favorable to the nonmoving party." *Id.*

Latrenta argues that Judge Holthus abused her discretion by granting IPC Respondents' motion to reconsider because Judge Villani's order was not clearly erroneous. Latrenta contends that Judge Villani correctly determined that a genuine issue of material fact remained regarding when Latrenta discovered or should have discovered IPC Respondents' involvement in Curtis's care following the erroneous morphine dose. We disagree.

NRS 41A.097(2) provides that a cause of action for professional negligence against a health care provider "may not be commenced more than [three] years after the date of injury or [one] year after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs first." We construe the term injury in NRS 41A.097 to mean "legal injury." *Massey v. Litton*, 99 Nev. 723, 726, 669 P.2d 248, 251 (1983). A plaintiff "discovers [her] legal injury when [she] knows

or, through the use of reasonable diligence, should have known of facts that would put a reasonable person on inquiry notice of [her] cause of action." *Id.* at 728, 669 P.2d at 252. A plaintiff "is put on inquiry notice when he or she should have known of facts that would lead an ordinarily prudent person to investigate the matter further." *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252, 277 P.3d 458, 462 (2012) (internal quotations omitted). A "plaintiff's general belief that *someone's* negligence may have caused his or her injury" is sufficient to trigger inquiry notice. *Id.* at 252-53, 277 P.3d at 462 (emphasis added). Generally, the accrual date for NRS 41A.097(2)'s one-year period is a question for the trier of fact. *Id.* at 251, 277 P.3d at 462. However, the district court may decide the accrual date as a matter of law when the evidence is irrefutable. *Id.*

Here, irrefutable evidence demonstrates that Latrenta was on inquiry notice by March 11, 2016.[1] Medical professionals at the hospital treating Curtis explicitly informed Latrenta that Socaoco should have immediately sent Curtis to the hospital. When Curtis died a few days later, Latrenta knew or should have known that *someone's* negligence in treating the morphine overdose might have caused Curtis's death. Therefore, under

---

[1]We reject Latrenta's reliance on *Siragusa v. Brown*, 114 Nev. 1384, 971 P.2d 801 (1998). In *Siragusa*, the plaintiff learned about the defendant's involvement in an alleged scheme to fraudulently convey assets during a contested bankruptcy proceeding. *Id.* at 1388-89, 971 P.2d at 804. We reversed the district court's grant of summary judgment on statute of limitation grounds and remanded for the trier of fact to determine whether the defendant's alleged concealment hindered the plaintiff's ability to discover the defendant's identity and role in the alleged scheme. *Id.* at 1394, 971 P.2d at 807-08. Here, Latrenta knew by March 11, 2016 that Curtis's health care provider's alleged negligence in treating the morphine overdose may have caused Curtis's death. Accordingly, we conclude that *Siragusa* is inapplicable to the facts present in this appeal.

NRS 41A.097(2), the limitation period for Latrenta's professional negligence claim against IPC Respondents expired on March 11, 2017. Because Latrenta filed her amended complaint against IPC Respondents on March 1, 2018, we conclude that Judge Villani clearly erred when he denied IPC Respondents' motion to dismiss or for summary judgment. Therefore, Judge Holthus acted within her sound discretion when she granted IPC Respondents' motion for reconsideration and dismissed Latrenta's claim with prejudice. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Mary Kay Holthus, District Judge
        Wilkes & McHugh, P.A./Tampa
        Bossie, Reilly & Oh, P.C.
        Saltzman Mugan Dushoff
        John H. Cotton & Associates, Ltd.
        Eighth District Court Clerk